**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Alexander, ) | No. CV-07-176-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Lake Havasu City, an Arizona municipal ) corporation; *et al*., ) | |
| Defendants. ) | |

   This is the time set for the Rule 16(b), FED.R.CIV.P., scheduling conference. Plaintiff is represented by counsel, Joseph E. Lambert. Defendants are represented by co-counsel, Richard S. Cohen and Karen Reynolds. Court reporter is not present.

   All parties have heretofore consented to magistrate judge jurisdiction pursuant to Title 28 U.S.C. §636(c). (docket # 20 at 7)

   The Court informs counsel that since the judge's bench at the historic federal courthouse in Prescott is inaccessible for a judge who uses a wheelchair, the Court is inclined to transfer the trial and all further matters in this case to the Sandra Day O'Connor U.S. Courthouse in Phoenix pursuant to its discretion in Title 28 U.S.C. § 1404(c). Like Nevada and Alaska, Arizona does not have official, statutory divisions within the District of Arizona. *United States v. Rybachek*, 643 F.Supp. 1086 (D. Alaska, 1986); *El Ranco, Inc. v. First National Bank*, 406 F.2d 1205 (9th Cir.1969), *cert. denied*, 396 U.S. 875, (1969); 28 U.S.C. § 1404). No objection is made by any counsel.

Pursuant to the parties' discussions with the Court today and the various deadlines set forth in their Rule 16 Joint Case Management Report (docket # 20), filed on June 3, 2007, the Court will set the various deadlines for the judicial management of this case.

**IT IS ORDERED** that the parties, by and through their counsel, shall comply with the following deadlines which are agreed to by all counsel. Stipulations extending the time for the doing of any act required by the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court approval. LRCiv. 7.3; *Gestetner Corp. v. Case Equipment Company*, 108 F.R.D. 138 (D. Maine 1985)(good cause not shown to amend scheduling order); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994)("[F]ederal Rule of Civil Procedure 16 is to be taken seriously."). Continuances of these deadlines may be granted only upon a showing of good cause and by leave of the assigned trial judge. Settlement negotiations do not constitute good cause. These **deadlines are real**. The parties are advised that the Court intends to enforce the deadlines set forth in this Order and should plan their litigation activities accordingly. *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*, 2006 WL 2573201 *1 (D. Ariz. 2006).

  1. The parties confirm that they stipulate and agree to exchange their Rule 26(a) initial disclosures by **Friday, June 29, 2007**.

  2. Filing motions to amend pleadings and motions to join additional parties by **Wednesday, August 15, 2007**.[1]

---

[1] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992) (once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard). In *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1294 (9th Cir. 2000), the Ninth Circuit stated:
> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.

2. Because the Court and counsel believe that staggered expert disclosure is more fair and will less likely result in requests for a modification of these deadlines, Plaintiff's disclosure of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **Tuesday, April 15, 2008.** Defendants' disclosures of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **Thursday, May 15, 2008.** Plaintiff's disclosure of true rebuttal expert testimony and reports solely to contradict or rebut evidence as required under Rule 26(a)(2)(C), Fed.R.Civ.P., shall be made by **Monday, June 16, 2008**.

Each testifying expert witness (regardless of whether such expert witness has or has not been specifically retained for this case, such as, a treating physician, or if the expert is an employee of the calling party) shall provide a written report to the adverse party setting forth the, at least, the requirements dictated by Rule 26(a)(2)(B). *Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459 (D. Minn. 1998).

No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *Wong v. Regents of the University of California*, 379 F.3d. 1097 (9th Cir. 2004); Rule 37(c)(1), FED.R.CIV.P.

3. Written disclosure of all known witnesses, exhibits and other matters under Rule 26(a)(3), Fed.R.Civ. P., and supplementation of all discovery pursuant to Rule 26(e), Fed.R.Civ. P. by **Thursday, July 31, 2008**.[2]

---

[2] The parties are on notice that this order supercedes the "30 day before trial" disclosure deadline contained in FRCP 26(a)(3). Therefore, failure to timely supplement pursuant to Rule 26(e), including attempts to include witnesses and exhibits in the Proposed Final Pretrial Order or at trial that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions including dismissal and the imposition of default pursuant to FRCP 37, the Local Rules of Civil

- 3 -

1         4. Completion of all discovery: **Tuesday, September 30, 2008**.

2         5. Filing all dispositive motion(s) on or before **Friday, October 31, 2008**.[3] A
3 Cross-motion for summary judgment may be filed **within 30 days** of the adverse party's
4 dispositive motion; provided, however, such motion is **solely** related to the specific issue(s)
5 directly raised in the initial dispositive motion(s). Absent express prior leave of the Court, the
6 parties stipulate and agree that each Defendant is limited to one summary judgment motion,
7 which shall comply in all respects to the Local Rules, per claim alleged in Plaintiff's Third
8 Amended Complaint.

9         Pursuant to stipulation and good cause appearing,

10         Pursuant to Rule 5(b)(2)(D), FED.R.CIV.P. and this Court's adoption of rules
11 regarding electronic filing, the parties consent and agree that service under Rule 5(a) may be
12 obtained on the other party by delivering a copy of the document by electronic means. Service
13 by electronic means is complete upon transmission. Counsel also advise the Court that they
14 are registered and will comply with the District Court's Case Management/Electronic Case
15 Filing ("CM/ECF") Administrative Policies and Procedures Manual. See the District Court's
16 internet site (www.azd.uscourts.gov) and click onto the CM/ECF link for the details of the
17 District Court's electronic filing system.

18         The Court and counsel also generally discuss issues relating to the preservation,
19 production and privilege of electronically stored information, including the form or forms in
20
21 which it should be produced. See amendments to Fed. Civil Rules of Proc. 16(b)(5), 26(f)(3),
22 33, 34, 37 and 45, effective December 1, 2006; Dawn M. Bergin, *New Federal Rules on E-*

---

Procedure of the District Court, and the inherent power of the Court.

[3] Due to the number of Plaintiff's claims, the parties stipulate and agree to not addressing early on the threshold § 1983 issues of whether a constitutional right was violated and whether that right is clearly established as directed in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Robinson v. Solano County*, 278 F.3d 1007, 1012 (9th Cir. 2002).

- 4 -

1  *Discovery - Help or Hindrance?,* Arizona Attorney, December, 2006, pp. 22 - 28; Anthony
2  J. Battaglia, *Dealing With Electronically Stored Information: Preservation, Production And*
3  *Privilege*, The Federal lawyer, May, 2006, pp. 26 - 31. Counsel indicate no concerns presently
4  exist about any such issues.

5  Counsel are hereby advised that the Court has various audio/visual equipment
6  available for use at an evidentiary hearing or trial at no cost to the Bar. This equipment
7  includes an evidence presentation system, which consists of a document camera, digital
8  projector, and screen. The projector may be used to display images which originate from a
9  variety of sources, including television, VCR, and personal computer. The document
10 camera may be used to display documents, photographs, charts, transparencies, and small
11 objects. For further information please contact the Court's A/V Specialist, Brian Lalley at
12 (602) 322-7131.

13 **IT IS FURTHER ORDERED** that the Court may set an another Rule 16(b)
14 Scheduling Conference after the Court's ruling on all dispositive motions; after completion
15 of all discovery, if no dispositive motion is timely filed; or upon written request from any
16 party to discuss the setting of a jury trial and all issues related thereto, i.e. the length and
17 times of trial, motions in *limine*, *Daubert*[4] hearings, etc. Counsel shall bring their calendars
18 with them to this conference.

19 **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of
20 the possibility of settlement and should settlement be reached, the parties shall immediately
21 file a Notice of Settlement with the Clerk of the Court with a copy to this Court's chambers.
22 LRCiv 40.2(d). This Court views compliance with the provisions of this Order as critical to
23 its case management responsibilities and the responsibilities of the parties under Rule 1 of
24 the Federal Rules of Civil Procedure.

---

[4] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

1  The parties are advised that when sufficient information has been disclosed
2 between the parties to fairly appreciate and evaluate the strengths and weaknesses of the
3 claims and defenses alleged in this case, a settlement conference before another U.S.
4 magistrate judge may be requested. Delay in requesting, scheduling or concluding a
5 settlement conference or settlement negotiations do not constitute good cause to continue or
6 extend the deadlines set herein.

7  **IT IS FURTHER ORDERED** transferring this case to Phoenix for trial and all
8 further matters. Counsel and any unrepresented party shall use the following number and
9 initials on all pleadings and documents filed herein until further order of the Court: No.
10 CV-07-176-PHX-LOA.

11  DATED this 18th day of June, 2007.

_____
Lawrence O. Anderson
United States Magistrate Judge

- 6 -