**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Alexander, | ) | No. CV-07-0176-PHX-LOA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Lake Havasu City, an Arizona municipal | ) | |
| corporation; *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

This matter arises on yet another Joint Motion to Extend Expert Discovery Deadlines, filed on June 4, 2008. (docket # 53) The parties seek two-week extensions of the disclosure of expert testimony and reports. "The primary reason for this request is the unavailability of Plaintiff's consultant/expert to complete his report by the existing of June 16, 2008." (*Id*. at 1 -2)

At the June 19, 2007 Rule 16 scheduling conference, and in its Rule 16 scheduling order, docket # 32, the Court made clear that the Rule 16 "**deadlines are real**. [and] the Court intends to enforce the deadlines set forth in [that] Order and [counsel] should plan their litigation activities accordingly," citing, among other cases, *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*, 2006 WL 2573201 *1 (D. Ariz. 2006); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994) ("[F]ederal Rule of Civil Procedure 16 is to be taken seriously."); also see, *Schwartz v. Home Depot U.S.A., Inc.*, CV-06-2168-PHX-FJM (party's first request to extend expert witness disclosure deadline denied. "[C]haracterization of the

1    trial date as a 'first setting,' . . . ignores the fact that under the Rule 16 scheduling order, the

2    trial date is firm and the parties were advised of that. In this court, the first setting is the last

3    setting absent extraordinary circumstances (like death), which obviously are not present here."

4    (docket # 83 at 2 in CV-06-2168-PHX-FJM). The initial Rule 16 deadlines set nearly one

5    year ago were dates that counsel agreed to and were, in fact, more generous regarding

6    discovery and dispositive motions than the parties agreed to in their June 3, 2007 Joint Case

7    Management Report.

8          In its February 28, 2008 order extending the Rule 16 deadlines, the Court

9    reluctantly granted the parties' Joint Motion to Extend All Remaining Deadlines, docket #

10   51, advising "that further extensions of the deadlines set forth [t]herein will not be granted

11   absent extraordinary circumstances."

12         This lawsuit was filed on January 24, 2007. Plaintiff has had nearly 17 months

13   to prepare his expert witnesses and has known for nearly a year since the Rule 16 scheduling

14   conference the need to comply with, among others, the expert disclosure and report deadline.

15   Clearly, counsel do not take the Rule 16 deadlines seriously and extraordinary circumstances

16   do not exist to warrant another extension of the deadlines.

17         Counsel again use the wrong case initials despite the Court's order to "use the

18   following number and initials on all pleadings and documents filed herein until further order

19   of the Court: No. CV-07-176-PHX-LOA." This is not a trivial requirement; wrong case

20   numbers have led to incorrect filings and costly delays in other cases. Further violations of

21   this June 19, 2007 Order is sanctionable conduct pursuant to LRCiv 83.1(f).

22         **IT IS FURTHER ORDERED** that the parties' Joint Motion to Extend Expert

23   Discovery Deadlines, docket # 53, is **DENIED**.

24         DATED this 5th day of June, 2008.

25

26         Lawrence O. Anderson
           United States Magistrate Judge

27

28