1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   John Alexander,                          )   No. CV-07-176-PHX-LOA
                                             )
10           Plaintiff,                      )   **ORDER**
                                             )
11   vs.                                     )
                                             )
12                                           )
     Lake Havasu City, an Arizona municipal)
13   corporation, et al,                     )
                                             )
14           Defendants.                     )
                                             )
15   _____ )

16           This matter is before the Court on Plaintiff's Motion to Strike Certain of

17   Defendants' Objections to Trial Witnesses and Exhibits.  (docket # 67)   Plaintiff

18   contends that certain objections were not filed within the time limits set forth in

19   Fed.R.Civ.P. 26(a)(3) and the Court's June 18, 2007 and February 27, 2008 scheduling

20   Orders.[1]   Defendants oppose Plaintiff's Motion to Strike.  (docket # 70)

21           In its June 19, 2007 Order, the Court set a July 31, 2008 deadline for

22   "[w]ritten disclosure of all known witnesses, exhibits, and other matters under Rule

23   26(a)(3), Fed.R.Civ.P. . . ."  (docket # 32)   On the parties' stipulation, the Court

24   subsequently extended the Rule 26(a)(3) disclosure deadline to September 29, 2008.

25   (docket # 52)

26   _____

27           [1] Contrary to Plaintiff's Motion, these Orders did not alter the 14-day objections
     deadline set forth in Rule 26(a)(3) after the express date given for counsel to disclose their
28   trial witnesses and exhibits.

On September 29, 2008, Plaintiff electronically and timely filed his Pretrial Disclosures.  (docket # 64)   The Certificate of Service certifies that Plaintiff's counsel "on September 29, 2008, [] electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to" counsel for Defendants that same day.  (docket # 64 at 11)  Although the Certificate of Service does not refer to hand-delivery, that same day, Plaintiff also hand-delivered a copy of his Pretrial Disclosures to Defendants' counsel.  (docket # 67, Exh. 1)   On October 17, 2008, Defendants filed objections to Plaintiff's Pretrial Disclosures.  (docket # 66)

Federal Rule of Civil Procedure 26(a)(3)(B) provides that:

> Unless the court orders otherwise, [pretrial] disclosures must be made at least 30 days before trial.  Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(a)(iii).  An objection not so made - except for one under Federal Rule of Evidence 402 or 403 - is waived unless excused by the court for good cause.

Fed.R.Civ.P. 26(a)(3)(B).

Plaintiff claims that because he hand-delivered his Pretrial Disclosures to Defendants on September 29, 2008, and because October 13, 2008 was a legal holiday, the 14-day deadline for Defendants to file their objections in accordance with Rule 26(a)(3)(B) expired on October 14, 2008.  Fed.R.Civ.P. 6(a)(4)(A).  (docket # 67 at 2) Plaintiff argues, therefore, that Defendants' Objections to Trial Witnesses and Exhibits, docket # 66, should be stricken as untimely filed.

Defendants, on the other hand, argue that pursuant to Fed.R.Civ.P. 6(d) and the Electronic Case Filing Administrative Policies and Procedures for the District of Arizona, a three-day mailing period applies to all electronically filed documents.  (docket # 70)   Defendants also note that the Certificate of Service only indicated that Plaintiff's Pretrial Disclosures had been electronically filed and did not reflect that it had also been

1    hand-delivered.  (docket # 70)   Allowing for the three-day mailing period, Defendants
2    claim their objections were timely filed on October 17, 2008.

3    **II.  Analysis**

4             The issue before the Court is one of first impression in this District:
5    whether, for purposes of Federal Rule of Civil Procedure 6(d), a document is considered
6    to have been served electronically when the Certificate of Service attached to the
7    document states only that the document was electronically filed and served, but the
8    proponent of the document also hand-delivers a copy of that document to opposing
9    counsel.  The crux of Plaintiff's argument is that Defendants should not have the benefit
10   of the three-day rule because Plaintiff served Defendants with his Pretrial Disclosures by
11   hand-delivery and electronically. Plaintiff has not provided any authority or cases to
12   support his argument. As discussed below, the Court finds that the method of service
13   described in Plaintiff's Certificate of Service is controlling in this case. Accordingly, the
14   Court finds that Defendants' Objections to Trial Witnesses and Exhibits, docket # 66,
15   were timely filed and will deny Plaintiff's Motion to Strike.

16            As amended on December 1, 2007, Federal Rule of Civil Procedure 6(d)
17   provides for an additional three days "[w]hen a party may or must act within a specified
18   time after service and service is made under Rule 5(b)(2)(C), (D), (E) or (F) . . . ."
19   Electronic service is one of the forms of service for which the three additional days are
20   added.  See, Rule 5(b)(2)(E) ("sending it by electronic means if the person consented in
21   writing--in which event service is complete upon transmission, but is not effective if the
22   serving party learns that it did not reach the person to be served; . . . ." )  Although Rule
23   5(b)(2)(E) also provides that "service by electronic means is complete on transmission,"
24   the three-day extension provided by Rule 6(d) nevertheless applies.  See*, Flores v.*
25   *Emerich & Fike,* 2006 WL 2536615, * 7 (E.D. Cal. 2006); *Wile v. Paul Revere Life Ins.*
26   *Co.*, 410 F.Supp.2d 1313, 1318 n. 2 (N.D. Ga . 2005).

27

28

1      The Electronic Case Filing Administrative Policies and Procedures Manual

2   ("ECF Manual") for the District of Arizona is consistent with the Federal Rules of Civil

3   Procedure and provides that:

4            Whenever a documents is electronically filed in accordance with
             these procedures, the ECF system will generate a "Notice of Electronic
5            Filing" (NEF) to the filing party, the assigned judge and any registered
             user in the case.  The NEF will constitute service of a document for
6            purposes of the Federal Rules of Civil Procedure. . . .

7   www.azd.uscourts.gov at ECF Manual, Section II.D.2 at 9.  Likewise, the Local Rules

8   provide that "[t]ransmission of the Notice of Electronic Filing to a Registered User's e-

9   mail address constitutes service of the hyperlinked document(s). Only the Notice of

10  Electronic Filing, generated and transmitted by the ECF system, is sufficient to constitute

11  electronic service of an electronically filed document."  LRCiv 5.5(h).  The Local Rules

12  also state that "[f]iling of documents electronically in compliance with these rules and the

13  [ECF] Manual will constitute filing with the Court for purposes of Rule 5(e) of the

14  Federal Rules of Civil Procedure."  LRCiv 5.5(b).[2]  The Court's website clarifies that

15  "[t]he Federal Rules governing the computation of deadlines still apply to all filed

16  documents, including those electronically filed, so the 3-day mailing time would apply as

17  provided by the Rules."  *Id.* at FAQs/about electronic case filing.  Significantly, the ECF

18  Manual further provides that:

19           The *certificate must state the manner in which service or notice was
             accomplished* on each party and may be signed as "s/name" by a
20           paralegal, secretary or other authorized assistant who made the service.
             A digital signature is also allowed . . . Any document that is *not filed*
21           *electronically* (i.e., sealed) must be served as a paper copy.

22  *Id*. at 10 (emphasis added).

23           The Court's website also includes the following "frequently asked

24  question," and response:

25           Is a certificate of service still required?

26  _____

27          [2] It appears that the District's Local Rules in this regard have not yet been formally
    amended to be consistent with the amendments to the Rules of Civil Procedure that
28  eliminated former Rule 5(e). See, Rule 5(d)(3).

1

2

3

4

> Answer: Under F.R.Civ.P. 5(d), a certificate of service is required. However, per the sample found in the link under Section II.D.3. of our Administrative Policies and Procedures Manual, the *Certificate should state if service was electronic or paper and, if paper, what method was used*. Part II, Section D of the Administrative Policies and Procedures Manual.

www.azd.uscourts.gov/FAQs/about electronic case filing (emphasis added).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Neither the Federal Rules of Civil Procedure, nor the Local Rules for the District of Arizona, including the ECF Manual, authorize the hand-delivery of documents to effectuate service of a motion on the opposing party under the circumstances in this case.  To the contrary, the District's ECF Manual and the Local Rules clearly favor electronic filing and service, *see* LRCiv 5.5(c) (stating that "[u]nless otherwise ordered by the Court or as provided by the [ECF] Manual, electronic filing is mandatory for attorneys."), and requires that a certificate of service specifically state whether service is made electronically or by  "paper."  Consistent with that policy, the Court's June 19, 2007 order, issued as a result of the Rule 16 scheduling conference in this case wherein Plaintiff's and Defendants' counsel attended, provided that, "[p]ursuant to Rule 5(b)(2)(D),[3] Fed.R.Civ.P. and this Court's adoption of rules regarding electronic filing, the parties consent and agree that service under Rule 5(a) may be obtained on the other party by delivering a copy of the document by electronic means. Service by electronic means is complete upon transmission. Counsel also advise[d] the Court that they are registered and will comply with the District Court's Case Management/Electronic Case Filing ("CM/ECF") Administrative Policies and Procedures Manual. See the District Court's internet site (www.azd.uscourts.gov) and click onto the CM/ECF link for the details of the District Court's electronic filing system."  (docket # 32 at 4)   All parties were represented by counsel, who were, and remain, registered ECF users and who expressly consented to electronic filing and service.  *Id.*

26

27

28

---

[3] This order was entered before the amendments to Rule 5 on December 1, 2007.

- 5 -

1    In accordance with the application of electronic filing in this case, the

2    Certificate of Service attached to Plaintiff's Pretrial Disclosures specifically certified that

3    service was electronically made without any reference to service by hand-delivery or

4    other "paper" method.  (docket # 64 at 11)   Plaintiff electronically served Defendants

5    with his Pretrial Disclosures, and then hand-delivered a copy of that same pleading to

6    Defendants' counsel that same day.   Plaintiff now argues that the hand-delivery of his

7    Pretrial Disclosures to Plaintiff on September 29, 2008 trumps the electronic service made

8    that same day in an effort to deprive Defendants of the additional three days that are

9    allowed when a pleading is electronically served.   Fed.R.Civ.P. 6(d).

10    In *Cherry Line, S.A. v. Muma  Services*, 2007 WL 778179, * 1 (D. Del.

11    2007), the defense counsel made a similar argument of untimeliness that Plaintiff makes

12    here. There, the trial judge found "electronic service controls in the circumstances of the

13    instant dispute, and is generally preferable to mail and hand delivery service. When a

14    party chooses electronic means or mail delivery, separate hand delivery is gratuitous and

15    has no effect on response times."  The district court in *Cherry Line* denied defendants'

16    motion to strike. *Id.*

17    In view of the attorneys' consent to electronic filing and service, docket #

18    34 at 4; the attorneys' status as registered users of the District Court's ECF system; the

19    ECF Manual's provides the certificate of service must indicate whether service is made

20    electronically or by paper; the fact that the Certificate of Service attached to Plaintiff's

21    Pretrial Disclosures refers only to the electronic service; and LRCiv 5.5(c)'s mandate that

22    lawyers use electronic filing,[4] Defendants' Objections to Plaintiff's Trial Witnesses and

23

24    [4] Local rules are "laws of the United States," *United States v. Hvass*, 355 U.S. 570,
25    575 (1958), "have the force of law[,] are binding upon the parties and upon the court, and
     a departure from local rules that affects substantial rights requires reversal." *Professional*
26    *Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal
     quotation marks omitted). "A departure is justified only if the effect is so slight and
27    unimportant that the sensible treatment is to overlook [it]." *Id.*  Moreover, a district court is
28    under an obligation to construe local rules so that they do not conflict with federal rules and

1   Exhibits, electronically served on Plaintiff's counsel, were timely served and filed with

2   the Court.  Plaintiff's hand-delivered copy of his Pretrial Disclosures is, at best, only a

3   gratuitous, courtesy copy to defense counsel and does not override the District Court's

4   rules regarding electronic filing or the Federal Rules' allowance for 3-days mailing time

5   for electronic filing.  Likewise, Plaintiff's hand-delivery of its Pretrial Disclosures does

6   not modify the Certificate of Service attached to Plaintiff's own document which,

7   significantly, referred only to electronic filing and notice.

8               In accordance with the Certificate of Service on Plaintiff's Pretrial

9   Disclosures, that document was served electronically on defense counsel on September

10  29, 2008.  Pursuant to the Federal Rules of Civil Procedure 6(d) and 5(b)(2)(E), three

11  days are added to Rule 26(a)(3)'s 14-day deadline for Defendants to file their objections

12  to Plaintiff's Pretrial Disclosures.  The 14th day after September 29, 2008 fell on

13  Columbus Day, October 13, 2008, a "legal holiday" as identified in Rule 6(a)(4)(A).

14  Thus, Defendants were allowed three additional days from October 14, 2008 to file their

15  Objections.  See, Rules 6(d) and 5(b)(2)(E).  Defendants' Objections filed October 17,

16  2008 were timely.

17              Accordingly,

18          **IT IS ORDERED** that Plaintiff's Motion to Strike Certain of Defendants'

19  Objections to Trial Witnesses and Exhibits, docket # 67, is **DENIED**.

20              Dated this 10th day of November, 2008.

21

22  _____
                    Lawrence O. Anderson
23                  United States Magistrate Judge

24

25

26

27  _____

28  statutes.  *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995); Rule 83(a)(1), Fed.R.Civ.P.